# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0111V
Filed: April 10, 2019
UNPUBLISHED

|  |  |
|---|---|
| GANESH UPADHIAI,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Robert Connolly,* Connolly Law Firm, P.C., Mineola, N.Y., for petitioner.
*Voris Edward Johnson,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 27, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his January 14, 2013 influenza ("flu") vaccination.  Petition at 1.  On June 25, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  ECF No. 55.

On February 21, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 62.  Petitioner requests attorneys' fees in the amount of $48,222.25 and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $15,379.95.  *Id.* at 1-2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $63,602.20.

On February 25, 2019, respondent filed a response to petitioner's motion.  ECF No. 63.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

> **I.** **Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley,* 461 U.S., at 434.

attorneys' costs in the amount of $15,379.95.  *Id.* at 1-2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $63,602.20.

On February 25, 2019, respondent filed a response to petitioner's motion.  ECF No. 63.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.     Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley,* 461 U.S., at 434.

**II.     Attorney Fees**

   A. Hourly Rates

      i. Robert Connolly, Esq.

Petitioner requests compensation for attorney Robert Connolly at the following rates:

- $400 per hour for work performed in 2015 and 2016;
- $410 per hour for work performed in 2017; and
- $425 per hour for work performed in 2018.

The undersigned finds the requested rates excessive based on Mr. Connolly's overall legal experience, the quality of work performed, and his lack of experience in the Vaccine Program.  See *McCulloch v. Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  See also *McCulloch*, 2015 WL 5634323, at *19.

Mr. Connolly has been practicing law since 1994, which places him in the range of attorneys with 20 -30 years of experience for all work performed in this case. ECF No. 62-1 at 6.  Given Mr. Connolly's inexperience in the Vaccine Program, a reduction of his requested rates is deemed appropriate.  See *McCulloch*.  Mr. Connolly states his rates are based on his years of practice and his location in the "New York metropolitan area".  ECF No. 62 -1 at 6.  Mr. Connolly is located in the town of Mineola, NY[3] and his experience has consisted largely of "employment related" cases.  *Id* at 6.  This is Mr. Connolly's first case in the Vaccine Program.  *Id.* at 6.  Although the requested rates fall within the correct experience ranges, they are on the high end of the ranges.  Mr. Connolly lacks the experience in the Vaccine Program to support the requested rates.  Based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Connolly's requested hourly rates are reduced to the following:

$350 per hour for work performed in 2015 and 2016,
$365 per hour for work performed in 2017,
$380 per hour for work performed in 2018, and
$395 per hour for work performed in 2019.

---

[3] It has not been determined if Mineola, NY would be awarded Forum or Local rates. The undersigned will not make that determination within this decision.

Therefore, the overall request for attorneys' fees is reduced by **$5,515.00**.[4]

### B. Excessive, and Block Billing

In addition to reducing the requested hourly rates, the undersigned also finds that petitioner's award should be reduced for excessive and block billing entries. Of the total 118.75 hours billed more than 40 are entries listed with Mr. Connolly directing his assistant to perform a task. For example, on April 4, 2017, Mr. Connolly's entry states "Intra-office communications with assistant regarding obtaining and producing information requested by Respondent; email and telephone communications with Petitioner regarding same; review email correspondence between assistant and Petitioner regarding same". ECF No. 62-2 at 17. Being as these entries are blocked with other tasks it is difficult for the undersigned to determine the amount of time spent preforming each task. Block billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). The Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task."[5] Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request.

The undersigned reduces the overall request for attorney's fees by 5 percent for excessive and block billing. This results in a reduction of requested fees in the amount of **$2,135.36**.[6]

### III. Attorney Costs

Petitioner requests compensation for attorneys' costs in the amount of $15,379.95. These costs include medical records, filing fees, and expert costs. ECF No. 62-3 at 1-39. After reviewing the invoices submitted the undersigned finds the requested amount reasonable and awards it in full.

---

[4] This amount consists of ($400 - $350 = $50 x 52.4 hrs = $2,620) + ($410 - $365 = $45 x 49.1 hrs = $2,209.50) + ($425 - $380 = $45 x 11.2 hrs = $504) + ($425 - $395 = $30 x 6.05 hrs = $181.50) = $5,515.00.

[5] The Guidelines for Practice can be found at
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf

[6] This amount consists of a 5 percent reduction of reduced total of attorney fees after the adjustment of the hourly rates.

### IV.  Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $55,951.84[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Robert Connolly.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.